UNITED STATES of America, Plaintiff,

v.

ONE 1985 MERCEDES–BENZ, 300 SD VIN WDBCB20C6FA177831, Defendant.

No. C90–185D.

United States District Court, W.D. Washington, at Seattle.

July 18, 1990.

Karen Tandy, Office of the U.S. Atty., Seattle, Wash., for plaintiff.

J. Ronald Sim, Paul A. D'Aloisio, Stoel, Rives, Boley, Jones & Grey, Seattle, Wash., for defendant.

ORDER

DIMMICK, District Judge.

This is a forfeiture action brought by the United States against one 1985 Mercedes–Benz owned by the claimant Sadrudin Kabani. Claimant Kabani has moved for summary judgment to dismiss the forfeiture claim and to restore the vehicle to him. After hearing oral argument and considering counsel's memoranda, this Court denies claimant's motion.

The defendant vehicle was seized by the United States after Kabani drove it across the United States border with over $1 million in unreported United States currency in the trunk. As part of a plea bargain, Kabani pled guilty to violation of 18 U.S.C. § 1001 for making false statements to the United States Customs. Subsequently, the Government filed this action for forfeiture of the vehicle under 22 U.S.C. § 401.

Under section 401, vehicles used in exporting "arms or munitions of war or other articles in violation of the law" may be seized and are subject to forfeiture. The Government argues that the vehicle is subject to forfeiture under section 401 because it was used to export currency in violation of 31 U.S.C. § 5316. Section 5316 requires that anyone leaving the United States taking currency in excess of $10,000 must file a report declaring the amount. While section 5316 provides for forfeiture of the currency it is silent as to forfeiture of vehicles. Therefore, the question before the Court is whether the exportation of currency without compliance with the reporting requirements of section 5316 is an exportation of "articles in violation of the law" subjecting the vehicle used in exportation to forfeiture pursuant to section 401.

Kabani argues that the exportation of currency is not of itself illegal. It is the

failure to file a report that violates section 5316. *United States v. Warren*, 612 F.2d 887, 891 (5th Cir.1980), *citing United States v. San Juan*, 545 F.2d 314, 319 (2d Cir.1976) ("[I]t must be emphasized that [section 5316] only punish[es] the wilful failure to file a report and not the transportation of money"). Therefore, the exportation of more than $10,000, even without filing a report, is not an "article [exported] in violation of the law." Kabani further argues that section 401 could be extended to unjust extremes if it is extended in this case. Without a clear directive in legislation, there is the possibility of unevenness of enforcement.

Although neither side could find reported cases in which a violation of section 5316 resulted in vehicle forfeiture under section 401, it is clear that section 401 has been broadly applied. *See, e.g., United States v. One 1980 Mercedes–Benz 500 SE*, 772 F.2d 602 (9th Cir.1985); *United States v. Ajloung*, 629 F.2d 830, 835 (2d Cir.1980), *cert. denied*, 449 U.S. 1111, 101 S.Ct. 920, 66 L.Ed.2d 840 (1081); *United States v. Marti*, 321 F.Supp. 59, 63 (E.D.N.Y.1970):

> While section 401 was primarily directed to limiting the export of war materials in protection of American neutrality and foreign policy, it has been consistently applied to other classes of goods. *See Waisbord v. United States*, 183 F.2d 34 (5th Cir.1950) (jewelry); *United States v. Chabot*, 193 F.2d 287, 290–291 (2d Cir. 1951 (gold); *United States v. 251 Ladies Dresses*, 53 F.Supp. 772, 774 (S.D.Texas 1943).

Although, application of the vehicle forfeiture provision of section 401 may seem harsh in some instances, this Court has no option but to follow the statute. On the narrow issue before it, this Court concludes that the exportation of more than $10,000 in violation of the reporting requirements of section 5316 is covered by the provisions of section 401.

THEREFORE, claimant Kabani's motion for summary judgment is DENIED.